UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH SUSS ESPOSITO

          Plaintiff,

       v.

EXENET LLC, EXENET HOLDINGS LLC,
EXENET TECHNOLOGIES, INC., BEDROC
PARTNERS, LLC, COMGROUP HOLDING
LLC d/b/a ALPHASERVE
TECHNOLOGIES, DAVID GENTILE,
BERNARD PISMENY and ROBERT
KESSLER,

          Defendants.

No. 11 CV 0296 (WHP)

ANSWER TO FIRST AMENDED COMPLAINT
WITH COUNTERCLAIMS

---

EXENET LLC,

          Counterclaim Plaintiff,

       v.

DEBORAH SUSS ESPOSITO,

          Counterclaim Defendant.

---

      Defendants Exenet LLC, non-jural entity Exenet Holdings LLC, dissolved corporation

Exenet Technologies, Inc., Bedroc Partners, LLC, COMgroup Holding LLC d/b/a Alphaserve

Technologies, David Gentile, Bernard Pismeny and Robert Kessler (collectively, "Defendants"),[1]

---

[1] Defendants deny that Exenet Holdings LLC is a jural entity capable of suing or being sued and avers that Exenet Technologies, Inc. was dissolved more than 3 years ago and is therefore incapable of being sued . Any subsequent use of the term "Defendants" or response to facts relating to Exenet Holdings LLC or Exenet Technologies, Inc. should not be construed as waiving this objection.

by and through their attorneys The Law Offices of James A. Prestiano, P.C. and The Law Offices of Martin J. Murray, answer the First Amended Complaint (hereinafter "Amended Complaint") of plaintiff Deborah Suss Esposito (hereinafter "Esposito" or "Plaintiff") and assert counterclaims against Plaintiff as follows:

1.      Defendants deny the allegations set forth in Paragraph 1 of the Amended Complaint and specifically deny any claim of wrongdoing or actionable conduct asserted by Plaintiff; except admit that Plaintiff purports to bring this case seeking damages and equitable relief under the referenced statutes and common law.

2.      Defendants admit that Plaintiff seeks declaratory and injunctive relief, damages, lost wages, commissions and benefits and costs and attorneys' fees, but deny any claim of wrongdoing or actionable conduct asserted by Plaintiff that would give rise to any recovery by Plaintiff.

## JURISDICTION AND VENUE

3.      Defendants deny the allegations set forth in Paragraph 3 of the Amended Complaint, which *inter alia* purport to state legal conclusions that do not require an answer.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Amended Complaint, which *inter alia* purport to state legal conclusions that do not require an answer.

5.      Defendants deny the allegations set forth in Paragraph 5 of the Amended Complaint, except admit that on or about March 12, 2010 Plaintiff filed charges of sex and pregnancy discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") against Exenet LLC and its alleged holding company, Exenet Holdings LLC.

6.      Defendants admit the allegations set forth in Paragraph 6 of the Amended Complaint.

2

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Amended Complaint.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Amended Complaint; except admit that the EEOC issued a right to sue letter in connection with EEOC Charge No. 520-2010-01656 on October 20, 2010.

9.      Defendants deny the allegations set forth in Paragraph 9 of the Amended Complaint, which *inter alia* purport to state legal conclusions that do not require an answer.

## THE PARTIES

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Amended Complaint.

11.     Defendants deny the allegations set forth in Paragraph 11 of the Amended Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Amended Complaint, and in particular what Plaintiff may or may not have been told by Defendants and their agents; except admit that some of the individual Defendants named herein have ownership interests in some of the Defendant entities named herein.

EXENET LLC

12.     Defendants admit the allegations set forth in Paragraph 12 of the Amended Complaint.

13.     Defendants deny the allegations set forth in Paragraph 13 of the Amended Complaint.

3

14.     Defendants deny the allegations set forth in Paragraph 14 of the Amended Complaint.

EXENET HOLDINGS LLC

15.     Defendants deny the allegations set forth in Paragraph 15 of the Amended Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of the Amended Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Amended Complaint.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Amended Complaint.

EXENET TECHNOLOGIES, INC.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint; except admit that Defendant Exenet Technologies, Inc. was a Delaware corporation from April 11, 1997 to March 1, 2004 when its status was declared void due to its failure to pay its annual franchise tax.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Amended Complaint.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint and specifically deny Plaintiff's attempt to group together separate and distinct legal entities, particularly in a case such as here, where Plaintiff alleges, and Defendants deny, that

Defendants Exenet LLC, Exenet Holding LLC and Exenet Technologies, Inc. function as a "single entity."

23.     Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint; except admit that during the period from January 2003 to February 2010, Defendant Exenet LLC was engaged in the business of providing information technology ("IT") services.

BEDROC PARTNERS, LLC

24.     Defendants admit the allegations set forth in Paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Amended Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint, and in particular statements allegedly made by Wael Sobhy.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Amended Complaint and further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Amended Complaint, and in particular statements allegedly made by Wael Sobhy.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

COMGROUP HOLDING LLC d/b/a ALPHASERVE TECHNOLOGIES

30.     Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31.     Defendants admit the allegations set forth in Paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Amended Complaint, except admit that defendant COMgroup Holding LLC designated James Prestiano as the individual to which the Secretary of State shall send a copy of any process served against COMgroup Holding LLC, and admit that Mr. Prestiano, along with the Law Offices of Martin J. Murray, represents the defendants in this matter, and has from time to time represented defendants Exenet LLC, Exenet Technologies, Inc., Bedroc Partners, LLC, David Gentile, Bernard Pismeny and Robert Kessler in connection with various matters.

33.     Defendants admit the allegations set forth in Paragraph 33 of the Amended Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Amended Complaint; except admit that defendant COMgroup Holding LLC has presented itself to the world as Alphaserve Technologies.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint; except admit that: (1) Arup Das served as CEO of Exenet LLC at the time of Plaintiff's termination and has served as the CEO and CTO of COMgroup Holding LLC since its formation in March 2010, (2) Eric Guttridge served as a Managing Director of Exenet LLC from October 2006 through November 2009 when he quit and has served as the COO of COMgroup Holding LLC since its formation in March 2010; and (3) Vasu Rao was employed by Exenet

6

LLC from February 2007 until he quit in November 2009 and became a member of COMgroup Holding LLC when it was formed in March 2010.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Amended Complaint; except admit that Eric Guttridge was the President and owner of EAG Consulting, Inc. when Exenet LLC purchased the assets of EAG Consulting, Inc. d/b/a COM Group East in September 2006.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint; except admit that Defendant COMgroup Holding LLC uses a phone number that was previously assigned to Exenet LLC.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations set forth in paragraph 39 of the Amended Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Amended Complaint, and in particular statements allegedly made by an unknown employee of Exenet LLC.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Amended Complaint; except admit that in the past Defendant COMgroup Holding LLC had retrieved mail addressed to Exenet LLC.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

## DAVID GENTILE

45.     Defendants admit the allegations set forth in Paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Amended Complaint; except admit that from in or about February 2003 through in or about February 2010 Defendant Gentile was Chairman of Exenet LLC.

48.     Defendants admit the allegations set forth in Paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Amended Complaint; except admit that Gentile Pismeny & Brengel LLC ("GPB") has performed accounting services for Exenet LLC and that GPB was engaged to prepare the 2010 tax returns for COMgroup Holding LLC.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint, except admit that GPB has conducted meetings at the offices of COMgroup Holding LLC and Exenet LLC in the past.

BERNARD PISMENY

51.     Defendants admit the allegations set forth in Paragraph 51 of the Amended
Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Amended
Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Amended
Complaint; except admit that at all times relevant herein, Defendant Pismeny was and is a
partner of GPB.

54.     Defendants deny the allegations set forth in Paragraph 54 of the Amended
Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

ROBERT KESSLER

55.     Defendants deny the allegations set forth in Paragraph 55 of the Amended
Complaint; except admit that Defendant Kessler is a citizen of the state of New York and
currently resides in Nassau County, New York.

56.     Defendants deny the allegations set forth in Paragraph 56 of the Amended
Complaint; except admit that Contemporary Bath Design LLC ("CBD"), of which Defendant
Kessler is a principal and officer, rented office space from Defendant Exenet LLC and that
Defendant Kessler, along with other representatives of CBD, used that office space, which was
located at 220 West 42nd Street, 6th Floor, New York, NY 10036, and subsequently since July
2010, CBD entered into a similar arrangement with COMgroup concerning an office at 104 West
27th Street, New York, New York.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Amended
Complaint.

58.    Defendants deny the allegations set forth in Paragraph 58 of the Amended
Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

## FACTS

59.    Defendants deny the allegations set forth in Paragraph 59 of the Amended
Complaint; except admit that Plaintiff was hired by Exenet LLC on or about September 17, 2004
in connection with its purchase certain assets from Computer Network Technology Corporation
(the "CNT Legal Division").

60.    Defendants deny that Plaintiff was employed by any Defendant other than Exenet
LLC and further deny knowledge or information sufficient to form a belief as to the truth of the
remaining allegations set forth in Paragraph 60 of the Amended Complaint.

61.    Defendants deny the allegations set forth in Paragraph 61 of the Amended
Complaint.

62.    Defendants deny the allegations set forth in Paragraph 62 of the Amended
Complaint; except admit that by purchasing the CNT Legal Division, Exenet LLC increased its
client base and revenues, obtained a document management system, legal intellectual property,
scopes, audits, and client information.

63.    Defendants deny the allegations set forth in Paragraph 63 of the Amended
Complaint; except admit that as part of the Asset Purchase Agreement entered into by and
between Exenet LLC and CNT Legal Division, Exenet LLC agreed to offer employment to
certain designated employees, including but not limited to Plaintiff; Defendants further admit
that Exenet LLC's offer of employment to Plaintiff included an equity participation plan and
indicated that Plaintiff would be entitled to a signing bonus calculated as a percentage of Net
Services Revenues but with a maximum limit of $40,000.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Amended
Complaint; except admit that on September 17, 2004, Plaintiff accepted an offer of employment
with Exenet LLC and the terms and conditions of Plaintiff's employment with Exenet LLC are
set forth in the offer letter and exhibits thereto as well as other documents executed by Plaintiff
(the "Employment Agreement") and respectfully refer the Court to the Employment Agreement
for a complete statement of its contents.

65.     Defendants admit the allegations set forth in Paragraph 65 of the Amended
Complaint.

66.     Defendants deny the allegations set forth in Paragraph 66 of the Amended
Complaint; except admit that as an employee of Exenet LLC, Plaintiff was responsible, in part,
for selling Exenet LLC's services to legal clients and for developing new clients for Exenet LLC.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Amended
Complaint; except admit that from April 11, 1997 to approximately January 2003, Defendant
Exenet Technologies, Inc. provided information technology services, that from January 2003 to
approximately February 2010 when it lost its assets to its secured creditor, Defendant Exenet
LLC provided technology consulting services, managed services and unified communications for
businesses, including law firms, financial firms and other businesses and that in March 2010,
upon its formation, Defendant COMgroup Holding LLC began providing advisory, integration,
and managed services.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Amended
Complaint; except admit that as outlined in Plaintiff's Employment Agreement with Exenet
LLC, she was entitled to receive certain commissions on sums collected by Defendant Exenet

11

LLC and respectfully refer the Court to the Employment Agreement for a complete statement of its contents.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Amended Complaint; except admit that in the fall of 2006 and as a result of the Asset Purchase Agreement Exenet LLC entered into with EAG Consulting, Inc., Exenet LLC engaged in a reorganization whereby many client accounts, including those assigned to both men and women, were reassigned, some of the reassignments were triggered as a result of new classifications designed to enhance client results, and others were made at the request of clients. Defendants further aver that as a result of this restructuring Plaintiff actually gained a number of clients for which she was not previously responsible.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations set forth in Paragraph 73 of the Amended Complaint, except admit that Plaintiff complained to Cinali about Sobhy's conduct.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Amended Complaint, and further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Amended Complaint, and in particular the substance of conversations allegedly overheard by Plaintiff.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Amended Complaint and further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Amended Complaint, and in particular the substance of conversations Plaintiff allegedly had with Wael Sobhy.

76.     Defendants deny the allegations set forth in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations set forth in Paragraph 79 of the Amended Complaint.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Amended Complaint; except admit that on September 18, 2005, Plaintiff became vested in .67% beneficial equity interest in Exenet LLC.

81.     Defendants deny the allegations set forth in Paragraph 81 of the Amended Complaint; except admit that on September 18, 2006, Plaintiff became vested in a total of 1.347% beneficial equity interest in Exenet LLC.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Amended Complaint; except admit that on September 18, 2007, Plaintiff became vested in a total of 2% beneficial equity interest in Exenet LLC.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Amended Complaint; except admit that by the end of 2006, Plaintiff became entitled to an additional 1.5%

beneficial equity interest in Exenet LLC, in accordance with the terms of Plaintiff's Employment Agreement with Exenet LLC and respectfully refer the Court to the Employment Agreement for a complete statement of its contents.

84.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Amended Complaint; except admit that Plaintiff contacted Defendant David Gentile to discuss her equity grant.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Amended Complaint, and further aver that Plaintiff's beneficial equity interest in Exenet LLC is recorded in her Employment Agreement.

86.     Defendants deny the allegations set forth in Paragraph 86 of the Amended Complaint; except admit that in or about September 2009 Plaintiff met with Wael Sobhy to determine whether the legal services division achieved the milestones outlined in Plaintiff's Employment Agreement with Exenet LLC so as to entitle Plaintiff to an additional 1.5% beneficial equity interest in Exenet LLC.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Amended Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Amended Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Amended Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Amended Complaint.

93.     Defendants deny that any defendant other than Exenet LLC hired Plaintiff and further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Amended Complaint; except admit that in May 2009 Exenet LLC announced that it had hired Gil Shaked to serve as CEO to replace Umit Cinali.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Amended Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Amended Complaint.

97.     Defendants deny the allegations set forth in Paragraph 97 of the Amended Complaint.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Amended Complaint, except admit that Das and Ardiet contacted the law firm and were promptly informed that the law firm was not interested in the project that Plaintiff alleged they were interested in.

99.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Amended Complaint.

100.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Amended Complaint.

101.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations set forth in Paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations set forth in Paragraph 103 of the Amended Complaint.

104.    Defendants deny the allegations set forth in Paragraph 104 of the Amended Complaint.

105.    Defendants deny the allegations set forth in Paragraph 105 of the Amended Complaint.

106.    Defendants deny the allegations set forth in Paragraph 106 of the Amended Complaint; except admit that on October 22, 2009, Proskauer Rose signed a contract to purchase $69,101 of additional discs to supplement an earlier contract whereby Proskauer purchased storage devices from Exenet LLC. Defendants further aver that the ground-work for Proskauer's October 22 contract took place prior to the time Plaintiff began her maternity leave.

107.    Defendants deny the allegations set forth in Paragraph 107 of the Amended Complaint.

108.    Defendants deny the allegations set forth in Paragraph 108 of the Amended Complaint; except admit that in late 2009, Gil Shaked simply questioned whether it was advisable for Exenet LLC to continue spending money sponsoring events for clients that were not generating revenue for Exenet LLC.

109.    Defendants deny the allegations set forth in Paragraph 109 of the Amended Complaint; except admit that on or about December 18, 2009 Plaintiff's lawyer contacted Exenet

16

LLC to discuss Plaintiff's claims of alleged discrimination and respectfully refer the Court to Exenet LLC's June 4, 2010 submission to the EEOC for a complete statement of its contents.

110.    Defendants deny the allegations set forth in Paragraph 110 of the Amended Complaint; except admit that on or about January 4, 2010 Plaintiff returned to work at Defendant Exenet LLC.

111.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Amended Complaint; except admit that on or about January 4, 2010, Exenet LLC hired Steven Bussey, who was previously working as a consultant, as the Director of Sales and that in this new position all sales personnel at Exenet LLC, including but not limited to Plaintiff, were to report to him.

112.    Defendants deny the allegations set forth in Paragraph 112 of the Amended Complaint.

113.    Defendants deny the allegations set forth in Paragraph 113 of the Amended Complaint; except admit that Exenet LLC hired Steven Bussey in or about October, 2009 to work as a Consultant and offered him a full-time position as Director of Sales on or about January 4, 2010, in part, to capitalize on his experience consulting for hedge fund companies; and further admit that Plaintiff had experience selling information technology services to legal clients both during her and prior to her time as an employee of Exenet LLC.

114.    Defendants deny the allegations set forth in Paragraph 114 of the Amended Complaint and specifically deny that Plaintiff was demoted and further deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 114 of the Amended Complaint.

115. Defendants deny the allegations set forth in Paragraph 115 of the Amended Complaint and further deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Amended Complaint, and in particular what may have been said during unspecified meetings that Plaintiff allegedly attended.

116. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 116 of the Amended Complaint.

117. Defendants deny the allegations set forth in Paragraph 117 of the Amended Complaint and specifically deny that Plaintiff was demoted and further deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 117 of the Amended Complaint, and in particular recommendations that may or may not have been made by unidentified parties.

118. Defendants deny the allegations set forth in Paragraph 118 of the Amended Complaint and specifically deny that any Defendant other than Exenet LLC bid on any contract referenced by Plaintiff, and further deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 118 of the Amended Complaint.

119. Defendants deny the allegations set forth in Paragraph 119 of the Amended Complaint; except admit that prior to the date Steven Bussey was hired as Director of Sales, Plaintiff would have completed the Request for Information, with some technical input from other employees of Exenet LLC, and submitted it for consideration.

120. Defendants deny the allegations set forth in Paragraph 120 of the Amended Complaint and specifically deny that any Defendant other than Exenet LLC had any involvement in the bidding process referenced by Plaintiff, and further deny knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 120 of the Amended Complaint.

121.    Defendants deny the allegations set forth in Paragraph 121 of the Amended Complaint and specifically deny that any Defendant other than Exenet LLC had any involvement in the bidding process for any contract in which Plaintiff was involved, and further deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 121 of the Amended Complaint.

122.    Defendants deny the allegations set forth in Paragraph 122 of the Amended Complaint and specifically deny that Plaintiff was demoted and respectfully refer the Court to Exenet LLC's June 4, 2010 submission to the EEOC for a complete statement of its contents.

123.    Defendants deny the allegations set forth in Paragraph 123 of the Amended Complaint and specifically deny that, during the relevant timeframe, Arup Das was employed by any Defendant other than Defendant Exenet LLC; except admit that on or about January 12, 2010 Defendant David Gentile announced that Gil Shaked had been terminated and that Arup Das, who had previously served as Exenet LLC's CTO would now serve as CEO of Exenet LLC.

124.    Defendants deny the allegations set forth in Paragraph 124 of the Amended Complaint, except admit that Plaintiff met with Arup Das and David Gentile.

125.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Amended Complaint and therefore deny same.

126.    Defendants deny the allegations set forth in Paragraph 126 of the Amended Complaint and specifically deny that any defendant other than Exenet LLC gave any instruction to Plaintiff; except admit that subsequent to her termination for cause and at the instruction of

19

employees and/or agents of Exenet LLC, Plaintiff returned her cell phone to Exenet LLC and
instructed Exenet LLC to preserve its contents.

127.    Defendants deny the allegations set forth in Paragraph 127 of the Amended
Complaint; except admit that on or about January 18, 2010 Plaintiff was terminated by Exenet
LLC for cause.

128.    Defendants deny the allegations set forth in Paragraph 128 of the Amended
Complaint; except admit that Plaintiff received no severance pay and was not paid any
commissions, since all pending commissions were forfeited.

129.    Defendants deny the allegations set forth in Paragraph 129 of the Amended
Complaint.

130.    Defendants deny the allegations set forth in Paragraph 130 of the Amended
Complaint.

131.    Defendants deny the allegations set forth in Paragraph 131 of the Amended
Complaint.

132.    Defendants deny the allegations set forth in Paragraph 132 of the Amended
Complaint.

## FIRST CAUSE OF ACTION

133.    Defendants repeat and reallege their responses to the allegations set forth in
Paragraphs 1 through 132 of the Amended Complaint as if fully set forth herein.

134.    Defendants deny the allegations set forth in Paragraph 134 of the Amended
Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

135.    Defendants deny the allegations set forth in Paragraph 135 of the Amended
Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

136.    Defendants deny the allegations set forth in Paragraph 136 of the Amended

Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

### SECOND CAUSE OF ACTION

137.    Defendants repeat and reallege their responses to the allegations set forth in

Paragraphs 1 through 136 of the Amended Complaint as if fully set forth herein.

138.    Defendants deny the allegations set forth in Paragraph 138 of the Amended

Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

139.    Defendants deny the allegations set forth in Paragraph 139 of the Amended

Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

### THIRD CAUSE OF ACTION

140.    Defendants repeat and reallege their responses to the allegations set forth in

Paragraphs 1 through 139 of the Amended Complaint as if fully set forth herein.

141.    Defendants deny the allegations set forth in Paragraph 141 of the Amended

Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

142.    Defendants deny the allegations set forth in Paragraph 142 of the Amended

Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

143.    Defendants deny the allegations set forth in Paragraph 143 of the Amended

Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

### FOURTH CAUSE OF ACTION

144.    Defendants repeat and reallege their responses to the allegations set forth in

Paragraphs 1 through 143 of the Amended Complaint as if fully set forth herein.

145.     Defendants deny the allegations set forth in Paragraph 145 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

146.     Defendants deny the allegations set forth in Paragraph 146 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

## FIFTH CAUSE OF ACTION

147.     Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1 through 146 of the Amended Complaint as if fully set forth herein.

148.     Defendants deny the allegations set forth in Paragraph 148 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

149.     Defendants deny the allegations set forth in Paragraph 149 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

## SIXTH CAUSE OF ACTION

150.     Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1 through 149 of the Amended Complaint as if fully set forth herein.

151.     Defendants deny the allegations set forth in Paragraph 151 of the Amended Complaint; except admit that during various periods of time while Plaintiff was employed by Exenet LLC, Gil Shaked exercised managerial or supervisory responsibilities granted to him by Exenet LLC and David Gentile acted as a member of the Board of Managers of Exenet LLC.

152.     Defendants deny the allegations set forth in Paragraph 152 of the Amended Complaint.

153.     Defendants deny the allegations set forth in Paragraph 153 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

154.     Defendants deny the allegations set forth in Paragraph 154 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

155.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155 of the Amended Complaint.

## SEVENTH CAUSE OF ACTION

156.     Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1 through 155 of the Amended Complaint as if fully set forth herein.

157.     Defendants deny the allegations set forth in Paragraph 157 of the Amended Complaint and specifically deny that Plaintiff was employed by any defendant other than Exenet LLC. Defendants further deny the allegations set forth in Paragraph 157 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

158.     Defendants deny the allegations set forth in Paragraph 158 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

159.     Defendants deny the allegations set forth in Paragraph 159 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

160.     Defendants deny the allegations set forth in Paragraph 160 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

161.     Defendants deny the allegations set forth in Paragraph 161 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

162.     Defendants deny the allegations set forth in Paragraph 162 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

163.     Defendants deny the allegations set forth in Paragraph 163 of the Amended Complaint; except admit that attorneys for Plaintiff sent letters dated February 16, 2010 and

23

March 12, 2010 to counsel for Exenet LLC and respectfully refer the Court to the February 16, 2010 and March 12, 2010 letters for a complete statement of their contents.

164.     Defendants deny the allegations set forth in Paragraph 164 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

165.     Defendants deny the allegations set forth in Paragraph 165 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

## EIGHTH CAUSE OF ACTION

166.     Defendants repeat and reallege their responses to the allegations set forth in Paragraphs 1 through 165 of the Amended Complaint as if fully set forth herein.

167.     Defendants deny the allegations set forth in Paragraph 167 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

168.     Defendants deny the allegations set forth in Paragraph 168 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

169.     Defendants deny the allegations set forth in Paragraph 169 of the Amended Complaint which *inter alia* purport to state legal conclusions that do not require an answer.

## PRAYER FOR RELIEF

170.     Defendants deny that Plaintiff is entitled to any relief in connection with the allegations set forth in Plaintiff's Amended Complaint, including, without limitation, the relief sought in paragraphs A through V of Plaintiff's prayer for relief.

171.     All allegations not specifically admitted to by Defendants are hereby denied. Defendants deny that Plaintiff is entitled to judgment in her favor or to the relief requested in her Amended Complaint.

## AFFIRMATIVE DEFENSES

In addition to the foregoing answers to the allegations of the Amended Complaint, Defendants assert the following affirmative defenses:

1.     The Amended Complaint fails to state a cause of action upon which relief may be granted.

2.     Any and all actions taken by Defendants were taken for legitimate, non-discriminatory reasons, wholly unrelated to gender, pregnancy, maternity leave, and/or the prohibited conduct alleged by Plaintiff.

3.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not experience any adverse employment actions.

4.     Plaintiff's claims are barred, in whole or in part, because there was no causal connection between any protected conduct and any adverse employment action.

5.     Plaintiff's claims are barred, in whole or in part, because the applicable administrative procedures, conditions precedent and statutory prerequisites were not properly effectuated, complied with, or exhausted prior to the commencement of this action.

6.     To the extent that some of all of the alleged claims of discrimination occurred more than 300 days before the filing of the EEOC charge, Plaintiff has failed to comply with the applicable statute of limitations and/or administrative prerequisites and conditions precedent and, therefore, said claims must be dismissed.

7.     Plaintiff's claims are barred, in whole or in part, to the extent that they relate to allegations not asserted in her Charges of Discrimination with the Equal Employment Opportunity Commission.

8.      Plaintiff cannot pursue her claims under §8-107 et seq. of the Administrative Code of the City of New York, to the extent she elected to pursue her administrative remedies with the New York State Division of Human Rights and/or the New York City Commission of Human Rights.

9.      Plaintiff's claims against Exenet Holdings LLC, Exenet Technologies, Inc., Bedroc Partners, LLC, and COMgroup Holding LLC d/b/a Alphaserve Technologies are barred and should be dismissed because neither Exenet Holdings LLC, Exenet Technologies, Inc., Bedroc Partners, LLC nor COMgroup Holding LLC employed Plaintiff.

10.     Plaintiff's claims are barred, in whole or in part, because neither Exenet Holdings LLC, Exenet Technologies, Inc., Exenet LLC, Bedroc Partners, LLC nor COMgroup Holding LLC was Plaintiff's "employer" as that term is defined by Title VII of the Civil Rights Act of 1964.

11.     Plaintiff's claims are barred, in whole or in part, because neither Exenet Holdings LLC, Exenet Technologies, Inc., Exenet LLC, Bedroc Partners, LLC, David Gentile, Robert Kessler, nor COMgroup Holding LLC was Plaintiff's "employer" as that term is defined by N.Y. Admin. Code.

12.     Plaintiff's claims are barred, in whole or in part, because at no time was Exenet Holdings LLC, Exenet Technologies, Inc., Bedroc Partners, LLC, David Gentile or Robert Kessler Plaintiff's employer as that term is defined by NY Labor Law.

13.     Plaintiff's claims against COMgroup Holding LLC, d/b/a Alphaserve Technologies are barred and should be dismissed because COMgroup Holding LLC is not a "successor employer" of Exenet LLC, as alleged by Plaintiff.

14.    Plaintiff's claims against the Defendant sued as Exenet Holdings LLC are barred and should be dismissed because Exenet Holdings LLC is not a jural entity capable of being sued.

15.    Plaintiff's claims against Defendant Exenet Technologies, Inc. are barred and should be dismissed because Exenet Technologies, Inc. was dissolved on or about March 1, 2004 and therefore lacks the capacity to be sued.

16.    The alleged acts of persons other than Exenet LLC complained of in Plaintiff's Amended Complaint, if they occurred, occurred without the knowledge, acquiescence, or condonation of Exenet LLC.

17.    The alleged acts of persons other than Exenet Technologies, Inc. complained of in Plaintiff's Amended Complaint, if they occurred, occurred without the knowledge, acquiescence, or condonation of Exenet Technologies, Inc.

18.    The alleged acts of persons other than Bedroc Partners, LLC complained of in Plaintiff's Amended Complaint, if they occurred, occurred without the knowledge, acquiescence, or condonation of Bedroc Partners, LLC.

19.    The alleged acts of persons other than COMgroup Holding LLC, d/b/a Alphaserve Technologies complained of in Plaintiff's Amended Complaint, if they occurred, occurred without the knowledge, acquiescence, or condonation of COMgroup Holding LLC.

20.    The alleged acts of persons other than David Gentile complained of in Plaintiff's Amended Complaint, if they occurred, occurred without the knowledge, acquiescence, or condonation of David Gentile.

21.    The alleged acts of persons other than Bernard Pismeny complained of in Plaintiff's Amended Complaint, if they occurred, occurred without the knowledge, acquiescence, or condonation of Bernard Pismeny.

22.    The alleged acts of persons other than Robert Kessler complained of in Plaintiff's Amended Complaint, if they occurred, occurred without the knowledge, acquiescence, or condonation of Robert Kessler.

23.    Defendants exercised reasonable care to prevent and/or correct promptly any discriminatory behavior.

24.    Plaintiff's claims are barred because Plaintiff unreasonably failed to report the allegations that form the basis of her Complaint to any supervisory or management employee of Exenet LLC during her employment as required by Exenet LLC's employee handbook.

25.    With respect to the matters alleged in Plaintiff's Amended Complaint and in all interactions otherwise between Defendants and Plaintiff, Defendants acted at all time in good faith.

26.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or the equitable doctrines of laches, waiver, and/or estoppel.

27.    Plaintiff's claims are barred, in whole or in part, based on the faithless servant doctrine.

28.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her claimed damages.

29.    Plaintiff is not entitled to recover compensatory or punitive damages because Defendants did not engage in unlawful intentional discrimination, nor did they act with the requisite malice, intent or indifference to Plaintiff's rights.

30.     To the extent that Plaintiff has suffered emotional distress, it was not caused any any unlawful conduct alleged in this Amended Complaint.

31.     Plaintiff's claims are barred, in whole or in part, because Plaintiff was compensated based on a good faith belief that her compensation was lawful.

32.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no damages as a result of her alleged breach of contract claim.

33.     Plaintiff's claims are barred, in whole or in part, because the damages sought by Plaintiff are impermissibly remote and speculative.

34.     Plaintiff's claims against all Defendants other than Exenet LLC are barred by lack of privity.

35.     Defendants reserve the right to amend this Answer and add additional defenses as discovery and investigation continues.

WHEREFORE, Defendants demand judgment dismissing the Amended Complaint, together with such other relief as the Court deems just and proper.

## OBJECTION TO JURY DEMAND

Defendants object to Plaintiff's Demand for a Jury Trial. Some or all of the claims and/or relief sought are not triable by jury and outside the scope of the jury's authority.

## COUNTERCLAIMS

Defendant Exenet LLC alleges for its counterclaims against Plaintiff and Counterclaim Defendant Deborah Suss Esposito as follows:

Background

1.     Plaintiff was terminated not because she went on maternity leave, but because of the completely nondiscriminatory reason that her performance was woefully inadequate in that

29

her sales declined by more than 95% from the prior year, from $2.1 million in 2008, to $56,000 in 2009.[2]

2.      When Plaintiff was terminated in January 2010, Exenet LLC ("the Company") was on the verge of bankruptcy, with approximately $1.9 million in current liabilities and another $1.1 million in short-term debt. The Company was forced at that time to slash its workforce and reduce expenses in order to survive, and its new CEO determined that his first step was to terminate every non-billable employee earning above $120,000. Plaintiff was one of five such people terminated during that period. The four other employees were all males.

3.      Unfortunately, this workforce reduction was not sufficient to allow the Company to survive, and so through additional terminations and voluntary departures, within months Exenet LLC's workforce was reduced by twenty four people, or nearly 60%, although Plaintiff is the only person who has sued or alleged discrimination.

4.      Plaintiff was by far one of the worst performers for the Company, and it was her dismal performance that actually contributed to the financial demise of Exenet LLC. But even if Exenet LLC was not on the verge of bankruptcy, and even if Plaintiff's production did not decrease by greater than 95% from the prior year, the documentary evidence, supported by the testimony of nearly a half dozen of Plaintiff's former colleagues, reveals that Exenet LLC still had ample grounds to terminate Plaintiff for multiple reasons.

5.      First, Plaintiff was a generally offensive and abrasive person, with an inability to get along with her colleagues. She was the subject of complaints from her co-workers, subordinates and superiors alike, who, in their own words, described Plaintiff as a "cancer," and one who "could not be worked with." On multiple occasions she brought other employees in the

---

[2] Plaintiff's maternity leave had negligible impact on her 95% decrease in production from 2008, since Plaintiff did not commence her leave until October of 2009.

office to tears through her caustic berating and bullying of them, and more than one colleague refused to work with her, as did clients.

      6.     So offensive was her conduct and attitude that even in 2008, when she was generating significant revenue for Exenet LLC, and a year before she ever announced her pregnancy, the Company had determined to fire her. The primary reason it changed its mind and did not was pure economics, because in 2008 Exenet LLC simply could not afford to lose her revenue. And when Exenet LLC ultimately terminated her in 2010, the primary reason it did was because it could not afford to keep her, in view of her $120,000 base salary.

      7.     Second, as set forth fully in Exenet LLC's counterclaims, Plaintiff breached her duty of loyalty to the Company by inducing the Company to enter into a major contract that she knew (and admitted to a third party) would lose money, but which fact she concealed from the Company so that she could earn a commission on the project, since her commission structure was based on revenue as opposed to actual profits.

      8.     Third, and perhaps more egregious than all of the above, this very same Plaintiff who now seeks redress under federal and state antidiscrimination laws was the single most blatant abuser of other individual's rights at Exenet LLC, falsely accusing a gay colleague of having Aids (he had hives), "advising" her co-workers that they should never shake hands with him, and recommending to several superiors that he be fired because his alleged Aids created "a liability to the Company." And yet Plaintiff has the audacity to ask this Court to now protect her civil rights, which she supports with her trumped-up claims of discrimination.

      9.     Plaintiff's claims are without merit, and just as the EEOC concluded after investigating her allegations that it could not find any statutory violations, it is respectfully submitted that so too will this Court. To the contrary, the evidence will show that Plaintiff owes

Exenet LLC money for her assorted breaches of duty and this meritless lawsuit predicated on fabricated claims.

## FIRST COUNTERCLAIM

## BREACH OF THE DUTIES OF LOYALTY, GOOD FAITH AND FIDELITY

10.     Defendant Exenet LLC repeats paragraphs 1 through 9 of the Counterclaims as if set forth fully herein.

11.     Plaintiff has pled and was in fact an equity owner in Exenet LLC.[3]

12.     Plaintiff was employed by Exenet LLC as its Director of Sales in 2004.

13.     As Director of Sales, Plaintiff's responsibilities included generating sales leads, negotiating terms, creating proposals, and reaching agreements with prospective Exenet clients.

14.     Plaintiff had authority to and did in fact sign contracts between Exenet LLC and clients.

15.     In addition to receiving a salary, for each and every contract that plaintiff entered into on behalf of Exenet LLC, she was entitled to a 12% commission on projected gross profit, which was pre-determined to 40% of gross revenue, regardless of what the actual profit was (the "Commission").

16.     Commissions were not reduced by any loss suffered by the Company under the client contract if the project cost Exenet LLC more to fulfill than had been originally projected.

17.     As a result of the Commission structure, Plaintiff would earn a Commission on a contract even if it was not profitable or if it lost money for Exenet LLC.

---

[3] Plaintiff pleads at paragraph 64 of her Complaint that through her agreement with Exenet LLC, she was granted equity in Exenet Holdings LLC. However, Exenet Holdings LLC was never formed and was never a jural entity. Nevertheless, Defendants do not dispute that Plaintiff obtained an equity interest in Exenet LLC, which is the same entity that all other equity holders maintained their interests in.

18.    As explained more fully below, Plaintiff exploited this Commission structure to her own personal gain at the expense of Exenet LLC and in violation of her duties to Exenet LLC

### Plaintiff's Commission Grab

19.    On or about November 17, 2007, Plaintiff negotiated and entered into a contract on behalf of Exenet LLC with a major law firm headquartered in New York City, which firm had just acquired another law firm and had several projects in order to merge the different technology systems that each firm had used. One of these projects was to migrate the acquiree's email systems from Lotus Notes to the acquirer's Microsoft Exchange (the "Notes to Exchange Project").

20.    Plaintiff priced the Notes to Exchange Project at $399,479, which guaranteed her a commission of $19,175.

21.    The Notes to Exchange Project was extensive, and Plaintiff represented to Exenet management that it would "need to hire a few additional consultants to get the job done."

22.    Plaintiff gathered the client requirements and presented them to her design team to prepare a technical scope of work ("SOW").

23.    The design team calculated that the Notes to Exchange Project would require in excess of 4,000 hours to complete.

24.    Plaintiff, however, created her own drastically reduced estimate and presented the client with an estimate based on only 2,283 hours. Based on this significantly lower estimate, the client agreed to the contract.

25.    The Company promptly hired four additional contractors to work on the Notes to Exchange Project, and they began work along with existing Exenet LLC staff assigned to the project.

26.     Plaintiff's projection of a required 2,283 hours was woefully inadequate, and did not even include the hours that would be necessary for Plaintiff to expend to manage the project, which time she ultimately billed and was paid for by Exenet LLC.

27.     The SOW required the Company to, among other things, convert all client mailboxes from the Lotus Notes to Microsoft Exchange.

28.     Unbeknownst to the Company, however, Plaintiff also promised the client that not only would each mailbox be converted, but that Exenet LLC would perform the additional task of verifying that each item in each mailbox was properly converted.

29.     Plaintiff further promised the client that the conversion would be achieved with "100% error free migration."

30.     Performing a 100% error free migration of over a dozen offices throughout the world is an exceedingly difficult task, and requires a commitment of time and resources well beyond those that would normally be devoted to a project that required, in contrast, substantial migration, or even 99% migration.

31.     Plaintiff's undisclosed promise to the client of 100% error-free migration, plus verification, required Exenet LLC to hire an additional eight contractors that it did not originally envision for the Notes to Exchange Project, and required the Company to devote an additional 2,747 hours to the number of hours it originally estimated to do the job.

32.     While Plaintiff earned and was paid her $19,175 commission for the Notes to Exchange Project, due to the increased costs imposed upon the Company to hire additional workers to achieve the 100% error free migration, Exenet LLC suffered $101,688 in actual losses on the Notes to Exchange Project, not including lost profits.

Plaintiff Conceals From Exenet LLC That She Knew
The Notes to Exchange Project Would Lose Money

33.     Plaintiff admitted to one of the subcontractors that she knew that Exenet LLC
would lose money on the Notes to Exchange Project.

34.     Plaintiff never disclosed to anyone at Exenet LLC, however, that she knew, or
even had a concern, that the Notes to Exchange Project would lose money for the Company.

35.     Over her strenuous objections, in February 2008 Company management prevailed
upon Plaintiff to revisit the cost of the Notes to Exchange Project with her client, explaining that
the Company was simply losing too much money on the project based on all the additional
contractor costs.

36.     Plaintiff prepared a summary to her client, evidencing that Exenet LLC had spent
over $208,000 on the verification alone, and discounted that amount to $126,000, which the
client agreed to pay.

37.     The $126,000 additional payment still left Exenet LLC with a total out-of-pocket
loss on the Notes to Exchange Project of $101,688.

38.     Remarkably, Plaintiff requested to be paid an additional commission on the
$126,000 payment, which the Company refused.

39.     As the Sales Director and an equity owner of Exenet LLC, Plaintiff held a
position of trust and confidence and owed the duties of loyalty, good faith, and fidelity to the
Company.

40.     Plaintiff had an affirmative duty to act in the best interest of Exenet LLC, to
refrain from disloyal conduct, and to avoid and disclose situations in which her personal interests
conflicted with the interests of Exenet LLC.

41.     These duties required Plaintiff to disclose the fact that she had a conflict of interest concerning the Notes to Exchange Project, because Exenet was destined to lose money on the project even though she was assured of being paid her Commission.

42.     Plaintiff violated her duties to Exenet LLC by failing to disclose her knowledge that the Notes to Exchange Project would lose money.

43.     Plaintiff knew that the Notes to Exchange Project would lose money, as she disclosed that fact to one of the several independent contractors that Exenet LLC had to hire to fulfill the contract requirements.

44.     Plaintiff's misconduct was related to the performance of her employment duties, and her disloyalty permeated her services in the most material and substantial part, warranting forfeiture of all compensation paid to her by Exenet LLC during her period of disloyalty under the faithless servant doctrine.

45.     In addition, as a result of Plaintiff's breach of her duty of loyalty, Exenet suffered damages in excess of $101,688, not including lost profits.


## SECOND COUNTERCLAIM

## BREACH OF NON-SOLICITATION OBLIGATION

46.     Defendant Exenet LLC repeats paragraphs 1 through 45 of the Counterclaims as if set forth fully herein.

47.     Plaintiff's employment contract with Exenet LLC contained a provision which prohibited her from soliciting the Company's clients for one year after her termination from Exenet LLC.

48.     Emails forwarded from loyal Exenet LLC clients to Exenet LLC management after Plaintiff's termination reveal that Plaintiff was soliciting these clients at her new employer International Professional Marketing, Inc. ("IPM") only two months after being terminated from Exenet LLC, in direct violation of her non-solicitation obligations.

49.     Exenet LLC notified IPM in February of 2010 that it believed Plaintiff was in violation of her non-solicitation obligations.

50.     IPM responded in a March 1, 2010 letter from its outside counsel that it understood that Plaintiff did not execute any contract with Exenet LLC.

51.     Plaintiff did in fact execute a non-solicitation agreement with Exenet LLC, a copy of which Exenet LLC maintains in its possession with Plaintiff's signature, and upon information and belief Plaintiff misrepresented to her current employer IPM her non-solicitation obligations.

52.     Plaintiff had a valid and signed contractual obligation with Exenet LLC not to solicit Company clients for one year after her termination

53.     Plaintiff breached that obligation, causing damage to Exenet LLC, with such damages to be determined at trial.

WHEREFORE, the Defendants and Counterclaim Plaintiff respectfully request that the Court:

(1)     dismiss the First Amended Complaint in its entirety with prejudice;

(2)     grant judgment in favor of Exenet LLC on the Counterclaims as follows:

    (a)     on the First Counterclaim for or Breach of the Duties of Loyalty, Good Faith and Fidelity, order an award to Exenet LLC for damages, including actual damages in the amount of at least $101,668.00, lost profits, and interest, attorneys fees and costs, and direct Plaintiff to return all compensation received from Exenet LLC during the period of her disloyalty, all in amounts to be determined at trial; and

37

    (b)      on the Second Counterclaim for Breach of Non-Solicitation Agreement, order an award of damages to Exenet LLC in an amount to be determined at trial, plus interest, attorneys fees and costs; and

(3)      grant any further and different relief as the Court may deem just and proper.


Dated: Commack, New York
       June 15, 2011

Respectfully submitted,

James A. Prestiano (JP-6699)

The Law Offices of James A. Prestiano, P.C.
631 Commack Road, Suite 2A
Commack, New York  11725
Telephone: (631) 499-6000
Facsimile: (631) 499-6001

- and -

Law Offices of Martin J. Murray
      Martin J. Murray (MM-5103)
      Leza M. Di Bella (LD-8878)

475 Park Avenue South, 25th Floor
New York, NY 10016
Telephone: (212) 725-2044
Facsimile: (212) 725-1145

*Attorneys for Defendant and Counterclaim Plaintiff Exenet LLC and Defendants Exenet Technologies Inc., Bedroc Partners, LLC, COMgroup Holding LLC d/b/a Alphaserve Technologies, David Gentile, Bernard Pismeny and Robert Kessler*