Susan Ritz
Ritz Clark & Ben-Asher LLP
Attorneys for Plaintiff
40 Exchange Place, Suite 2010
New York, New York 10005
212-321-7075

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEBORAH SUSS ESPOSITO,

                                     Plaintiff,

          -against-

EXENET LLC; EXENET HOLDINGS LLC;
EXENET TECHNOLOGIES, INC.; BEDROC
PARTNERS, LLC; COMGROUP HOLDING LLC
d/b/a ALPHASERVE TECHNOLOGIES;
DAVID GENTILE; BERNARD PISMENY
and ROBERT KESSLER,

                                     Defendants.
------------------------------------------------------------------X
EXENET LLC,

                              Counterclaim Plaintiff,

          -against-

DEBORAH SUSS ESPOSITO,

                              Counterclaim Defendant.
------------------------------------------------------------------X

11 Civ. 0296 (WHP)

ANSWER TO
COUNTERCLAIMS

          Plaintiff and Counterclaim Defendant, Deborah Suss Esposito, by her attorneys,

Ritz Clark & Ben-Asher LLP, for her answer to the Counterclaims of Exenet LLC, states

as follows:

1.   Denies the allegations contained in paragraph 1.

1

2.  Admits that plaintiff was terminated in January 2010, and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 2.

3.  Denies knowledge or information sufficient to form a belief as to paragraph 3.

4.  Denies knowledge or information sufficient to form a belief as to whether Exenet LLC was on the verge of bankruptcy and denies the remaining allegations contained in paragraph 4.

5.  Denies knowledge or information sufficient to form a belief as to whether there were complaints, denies the remaining allegations contained in paragraph 5 and affirmatively states that plaintiff was never informed that there were complaints lodged against her.

6.  Admits that in 2008, plaintiff was generating significant revenue and that her base salary in 2010 was $120,000, denies that plaintiff's conduct and attitude were offensive, denies that when Exenet LLC terminated plaintiff in 2010, the primary reason it did so was because it could not afford to keep her, and denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 6.

7.  Denies the allegations contained in paragraph 7.

8.  Denies the allegations contained in paragraph 8, and affirmatively states that, to her knowledge, the only negative comments made about gay people during her employment came from another member of the senior management team who referenced a dinner with a gay incoming member of the senior management team and his life partner, and told plaintiff of his unhappiness about having to share the rest room with the soon-to-arrive gay man.

9. Admits that the EEOC issued a determination and respectfully refers the Court to that document for its contents and denies the remaining allegations contained in paragraph 9.

10. Repeats and re-alleges plaintiff's responses to the allegations contained in paragraphs 1 through 9.

11. Admits the allegations contained in paragraph 11 and denies knowledge or information sufficient to form a belief as to the portions of footnote 3 that refer to Exenet Holdings LLC.

12. Admits the allegations contained in paragraph 12.

13. Admits that as Director of Sales, plaintiff's responsibilities included generating sales leads and participating with other management team members in the process of arriving at agreements with clients, denies the remaining allegations contained in paragraph 13, and affirmatively states that her actions as Director of Sales were all done with the knowledge and consent of the requisite senior management, in accordance with the job pack process put in place by the CEO.

14. Admits that she may have signed some contracts, but only after obtaining the requisite senior management approval in accordance with the job pack process, and denies the remaining allegations contained in paragraph 14.

15. Admits that plaintiff received a salary and had a commission agreement, respectfully refers the Court to that agreement for its contents, and denies the remaining allegations contained in paragraph 15.

16. Admits that plaintiff's commission agreement provided that commissions were not supposed to be reduced by any loss suffered by the Company, denies the remaining

allegations contained in paragraph 16, affirmatively states that plaintiff's commission agreement also provided that plaintiff did not receive increased commissions when a contract was more profitable than forecasted, and further affirmatively states that, despite the commission agreement's express terms, Exenet did, in fact, reduce or eliminate plaintiff's commissions on occasions when a contract did not turn out to be as profitable as projected.

17. Admits that plaintiff's commission agreement provided that commissions were not supposed to be reduced by any loss suffered by the Company, denies the remaining allegations contained in paragraph 17, and affirmatively states that plaintiff's commissions were not increased when Exenet's profits exceeded the anticipated profits and that Exenet did, in fact, reduce or eliminate plaintiff's commissions on occasions when the contract did not turn out to be as profitable as projected.

18. Denies the allegations contained in paragraph 18.

19. Admits that in or about November 2007, Exenet LLC entered into certain contracts with a major law firm headquartered in New York City, which firm was merging with another New York City-based law firm, that plaintiff participated with other members of Exenet's senior management team in the negotiation of such contracts and that one of the projects under such contracts was to migrate one firm's email systems from Lotus Notes to the other firm's system of Microsoft Exchange, and denies the remaining allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20.

4

21. Admits that the Notes to Exchange Project, along with all the other projects for this law firm, was extensive, and denies the remaining allegations contained in paragraph 21.

22. Admits that plaintiff participated with other Exenet representatives in gathering the client requirements and that the design team prepared a technical scope for the core project which went through Exenet's approval process, and denies the remaining allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Admits that the client agreed to a contract and denies the remaining allegations contained in paragraph 24.

25. Admits that Exenet LLC hired some contractors to work on the Notes to Exchange Project, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 25, and affirmatively states, on information and belief, that Exenet did not fully pay the contractors.

26. Denies the allegations contained in paragraph 26.

27.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 and respectfully refers the Court to the applicable contract.

28. Denies the allegations contained in paragraph 28 and affirmatively states that after the Notes to Exchange Project had begun, the client demanded a meeting with plaintiff and her colleague at which it insisted that Exenet provide 100% verification of error free migration; plaintiff advised the client that 100% verification was outside the scope of the job but agreed to take the matter up with the remainder of the Exenet se-

nior management team; plaintiff and her colleague brought the issue to the Exenet senior management team, which decided that, for business reasons, it would agree to provide the 100% verification, if the client would agree to a change order that would need to be negotiated; Exenet's CEO signed a contract to hire verifiers; the work proceeded in good faith with the full knowledge and consent of the remainder of the Exenet senior management team; plaintiff, based on her longterm excellent relationship with the client, and with the full knowledge and consent of the rest of the Exenet senior management team, succeeded in convincing the client to pay a very substantial sum larger than it had originally contracted to pay; the client and another senior manager at Exenet signed the change order, Exenet invoiced the client and the bill was paid.

29. Denies the allegations contained in paragraph 29 and refers to the affirmative statements in paragraph 28.

30. Denies that 100% error free migration requires a commitment of time and resources well beyond those that would be required for 99% [sic] migration, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 30.

31. Admits that after the client demanded 100% verification, Exenet management decided to satisfy the client and hired additional contractors to carry out the verification, denies knowledge or information sufficient to form a belief as to the number of contractors hired and the time spent, denies the remaining allegations contained in paragraph 31, and affirmatively states that, upon information and belief, Exenet did not fully pay those contractors.

32. Admits that plaintiff earned a commission pursuant to her commission agreement, denies the remaining allegations contained in paragraph 32 and affirmatively states that, to the best of her recollection, she was not paid any commission on the Notes to Exchange Project.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Admits that plaintiff and her colleague had followup meetings with the client as the 100% verification work progressed, denies the remaining allegations contained in paragraph 35 and affirmatively states that, based on plaintiff's longterm excellent relationship with the client, plaintiff justified the additional cost to the client and convinced the client to pay the substantial change order that, on information and belief, covered the overage that Exenet incurred.

36. Admits that plaintiff and her colleague had followup meetings with the client as the 100% verification work progressed, denies the remaining allegations contained in paragraph 36 and affirmatively states that, based on plaintiff's longterm excellent relationship with the client, plaintiff justified the additional cost to the client and convinced the client to pay the substantial change order that, on information and belief, covered the overage that Exenet incurred.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37.

38. Admits that plaintiff was owed and requested to be paid a commission, denies the remaining allegations contained in paragraph 38, and affirmatively states that, to the

best of her recollection, she was never paid a commission on the Notes to Exchange Project, despite the fact that her commission agreement entitled her to payment.

39.  Admits that plaintiff was the Sales Director and an equity owner in Exenet LLC and/or Exenet Holdings LLC, respectfully refers all legal conclusions to the Court and denies the remaining allegations contained in paragraph 39.

40. Respectfully refers all legal conclusions to the Court and denies the remaining allegations contained in paragraph 40.

41. Respectfully refers all legal conclusions to the Court and denies the remaining allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Repeats and re-alleges plaintiff's responses to the allegations contained in paragraphs 1 through 45.

47. Admits that plaintiff had signed the Employment Agreement and denies the remaining allegations contained in paragraph 47.

48. Denies that plaintiff violated any non-solicitation obligations and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48.

49. Admits the allegations contained in paragraph 49.

50. Denies knowledge of information sufficient to form a belief as to the allegations contained in paragraph 50.

51. Admits that plaintiff executed a non-solicitation agreement, denies that it contains the restrictions described in the counterclaim and denies the remaining allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52.

53. Denies the allegations contained in paragraph 53.

54. Denies each allegation not specifically admitted to.


WHEREFORE Clause

55. Denies that counterclaim plaintiff is entitled to any relief in connection with its counterclaims, including without limitation, the relief sought in paragraphs 1, 2 and 3 of the WHEREFORE clause, and all subparagraphs thereto.

56. Denies that counterclaim plaintiff is entitled to judgment in its favor.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. The Counterclaims fail to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Any damages suffered by Exenet LLC are due exclusively to its own culpable conduct, and not from any wrongdoing by plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Exenet LLC has deliberately, willfully, maliciously, intentionally and without regard to plaintiff's rights, asserted offensive, humiliating and false allegations in a publicly available document in order to cause plaintiff personal and professional harm and emotional pain and suffering, and in order to cause her to cease pursuing redress for

9

the violation of her civil rights, all in retaliation for plaintiff having asserted her

rights, as protected under federal and New York City law, to pursue her claims of dis-

crimination and retaliation.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.  Exenet LLC's claims are barred in whole, or in part, by the doctrines of laches, waiver and estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.  EXENET LLC's claims are barred in whole, or in part, by the applicable statutes of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff acted at all times in good faith.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.  Exenet LLC's claims are barred, in whole or in part, because it failed to mitigate its damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8.  Exenet LLC's claims are barred, in whole or in part, because it suffered no damages as a result of the allegations contained in the counterclaims.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.  Exenet LLC's claims are barred, in whole or in part, because the damages it seeks are impermissibly remote and speculative.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. Exenet LLC has failed to state its claims with the particularity required by applicable pleading rules and caselaw, including without limitation, failing to plead the precise

language of the contracts allegedly breached, and the components of the alleged damages.

11. Plaintiff reserves the right to amend this Answer and add additional defenses as discovery and investigation continue.


WHEREFORE, Plaintiff demands trial by jury and judgment dismissing the Counterclaims, together with compensatory damages for the humiliation, pain and suffering that this retaliatory pleading has caused; attorneys' fees; and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       July 20, 2011

Respectfully submitted,

Ritz Clark & Ben-Asher LLP
Attorneys for Plaintiff
40 Exchange Place, Suite 2010
New York, NY  10005
212-321-7075
sritz@rcbalaw.com

By:_____
      SUSAN RITZ (1076)